1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10    ALEX LEE, INC.; BIG Y FOODS, INC.;          Case No.:  22cv1694 DMS(MDD)
11    BROOKSHIRE BROTHERS, INC.;
      BROOKSHIRE GROCERY COMPANY;                 **ORDER DENYING MOTION TO**
12    CERTCO, INC.; DOLLAR TREE                    **FILE DOCUMENT UNDER SEAL**
13    DISTRIBUTION, INC.; GREENBRIER
      INTERNATIONAL, INC.; FAMILY
14    DOLLAR STORES, INC.; FAMILY
      DOLLAR SERVICES, LLC; THE
15    GOLUB CORPORATION; KMART
16    CORPORATION; K-VA-T FOOD
      STORES, INC.; MERCHANTS
17    DISTRIBUTORS, LLC; SCHNUCK
18    MARKETS, INC.,

19                                  Plaintiffs,

20    v.

21    LION CAPITAL LLP; LION CAPITAL
      (AMERICAS), INC.; and BIG CATCH
22    CAYMAN LP a/k/a LION/BIG CATCH
23    CAYMAN LP

24                                  Defendants.

25

26         On October 31, 2022, Plaintiffs filed the present case in this Court.  On December

27    7, 2022, Plaintiffs filed the present motion to file their 100-page Complaint under seal.

28    Plaintiffs argue their Complaint should be filed under seal because it "quotes, incorporates,

                                         1

1   and references" documents designated as "confidential" or "highly confidential" under the

2   Protective Order issued in the related multidistrict litigation ("MDL") case, *In re:*

3   *Packaged Seafood Products Antitrust Litig.*, Case No. 15md2670 DMS (MDD), ECF Nos.

4   173, 194.

5          "Courts have long recognized 'a general right to inspect and copy public records and

6   documents, including judicial records and documents.'" *Rieckborn v. Velti PLC*, No. 13-

7   cv-03889-WHO, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Nixon v.*

8   *Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).  However, "[t]his right is not

9   absolute.   To balance the competing interests of the public's right of access against

10  litigants' need for confidentiality, a party seeking to file under seal materials related to

11  dispositive motions must provide 'compelling reasons' to do so."  *Id.* (quoting *Kamakana*

12  *v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).   Under this standard,

13  "a party seeking to seal materials must 'articulate compelling reasons supported by specific

14  factual findings,' providing the court with 'articulable facts' identifying the particular

15  interests favoring secrecy and showing how those interests outweigh the 'strong

16  presumption' favoring disclosure."  *Id.* (quoting *Kamakana*, 447 F.3d at 1178-81).   "In

17  general, compelling reasons sufficient to justify sealing exist when the materials 'might

18  have become a vehicle for improper purposes, such as ... to gratify private spite, promote

19  public scandal, ... or release trade secrets.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1179).

20  "'The mere fact that the production of records may lead to a litigant's embarrassment,

21  incrimination, or exposure to further litigation will not, without more, compel the court to

22  seal its records.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1179).   "Although neither the

23  Supreme Court nor the Ninth Circuit has squarely addressed the issue, courts in [the

24  Northern District of California] making sealing determinations treat a complaint as a

25  dispositive motion."  *Id.* at *2.

26          Here, as stated above, Plaintiffs rely on the Protective Order issued in the MDL case

27  as the basis for sealing the Complaint.  However, although:

28

1
2
3
4

> [a] protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, … a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.

5   *Guzik Technical Enterprises, Inc. v. Western Digital Corp.*, No. 5:11-cv-03786-PSG, 2013

6   WL 6576266, at *1 (N.D. Cal. Dec. 13, 2013).  Thus, the mere existence of the Protective

7   Order does not provide compelling reasons for sealing Plaintiffs' Complaint.  The Court

8   also notes that the Protective Order was issued more than six years ago, and since that time,

9   there has a been a public trial against one of the Defendants in that case, Christopher

10  Lischewski, and large-scale media coverage of the facts underlying Plaintiffs' claims.

11         In light of these factors, Plaintiffs' have not shown compelling reasons for sealing

12  their Complaint.  Accordingly, Plaintiffs' motion to file their Complaint under seal is

13  denied.

14         **IT IS SO ORDERED**.

15  Dated:  January 6, 2023

16

17  Hon. Dana M. Sabraw, Chief Judge
United States District Court

18
19
20
21
22
23
24
25
26
27
28

3

22cv1694 DMS(MDD)